IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., a Missouri professional corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                  Plaintiff,<br><br>v.<br><br>ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.<br><br>                  Defendants. | No. 09 CV 5114<br><br>Judge Castillo<br>Magistrate Judge Schenkier |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, RADHA GEISMANN, M.D., P.C., a Missouri professional corporation ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. (collectively "Defendants"):

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements.

2. The Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of his fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this district is proper because Defendants do business here and a significant portion of the events took place here.

## PARTIES

8. Plaintiff is a Missouri professional corporation.

9. On information and belief, Defendants ALLASCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS MISY'S HEALTHCARE SOLUTIONS, INC. are

Illinois corporations with their principal place of business in Chicago, Illinois. On information and belief, Defendant, ALLSCRIPTS, LLC is an Illinois limited liability company.

## FACTS

10. On or about April 9, 2008, Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11. Plaintiff had not invited or given permission to Defendants to send fax advertisements.

12. On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

15. In accordance with Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

3

16. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 U.S.C. § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendants should be enjoined from faxing advertisements in the future; and

(viii) Whether the Court should award trebled damages.

17. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

18. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

19. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

20. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

21. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

22. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

23. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

5

24. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

25. Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A are advertisements.

26. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

27. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, RAHDA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. In accordance with Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

30. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

   (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements; and

   (iii) Whether Defendants committed the tort of conversion.

31. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

32. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to their own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

34. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

35. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

36. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

37. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

38. Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

39. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, RAHDA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., , jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.  That the Court award appropriate damages;

C.  That the Court award costs of suit; and

D.  Awarding such further relief as the Court may deem just and proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. In accordance with Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

42. A class action is proper in that:

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    (ii)  The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

    (iii)  Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

    (iv)  Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

    (v)  Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

43. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

44. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

45. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

46. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

47. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

48. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, RADHA GEISMANN, M.D., P.C., a Missouri professional corporation, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., jointly and severally, as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award damages to Plaintiff and the other class members;

C.  That the Court award attorney fees and costs;

D.  That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers; and

E.  Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

RADHA GEISMANN, M.D., P.C., a Missouri professional corporation, individually and as the representative of a class of similarly-situated persons

By: s/Brian J. Wanca
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

**EXHIBIT A**

₮ 4/9/2008 14:06     Allscripts Healthcare Solution     Rich Fischer→RADHA DEVI GEISMANN    1/1

*Geismann*     273

# ARE YOUR PATIENTS STILL GOING HOME WITH A PAPER PRESCRIPTION?



"You mean I can get my medications in 3 days with Allscripts? That beats waiting up to 2 weeks from my current supplier."

"We **had** our FLU vaccine before most of the other offices ordered it!"

"Allscripts service has been tremendous."

We will **match or beat** your injectable medication pricing or we will give you 10% off your next order of pre-packaged medications.



"That's it? I can go home now **WITH** my medication?" "This has saved me from waiting an hour at the pharmacy."



## ALLSCRIPTS



## www.allscripts.com

Ask about our system with **NO START UP COST.** Be sure to look at our software that can simplify your processes. Go to www.allscripts.com to contact us and fill out a request for Medication Services. In the comments section, enter the Promotion Code A4185

Allscripts has repackaged medications for over 20 years and leads the industry in quality, service and availability. Call today to order from our catalogue of over 2,200 prescription medications, injectables, OTCs, and more.

Reach a representative toll free at
**1-866-790-8523**
Mention the promotion code A4185