UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., a Missouri professional corporation, and as the representative of a class of similarly situated persons, | 09 CV 5114 |
| Plaintiff, | Magistrate Judge Young B. Kim |
| v. | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., *et al.*, | January 18, 2011 |
| Defendants. | |

**MEMORANDUM OPINION and ORDER**

Radha Geismann, M.D., P.C. ("Geismann") alleges that Allscripts Healthcare Solutions, Inc. ("Allscripts") sent it and a class of similarly situated persons unsolicited advertisements via facsimile, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and Illinois law. After Geismann refused Allscripts's offer of judgment under Federal Rule of Civil Procedure 68, Allscripts filed the current motion to dismiss pursuant to Rule 12(b)(1), arguing that the case is now moot. For the following reasons, Allscripts's motion to dismiss is denied:

**Background**

On July 17, 2009, Geismann filed its class action complaint in the Circuit Court of Cook County, Illinois. (R. 1, Ex. A.) Along with its complaint, Geismann submitted a motion for class certification, seeking to certify a class of persons who, within three distinct time periods (presumably to account for different statutes of limitations):

> (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

(R. 72-1, Ex. A at 1-2.) The motion also states that Geismann "will file a supporting Memorandum of Law in due course." (Id. Ex. A at 2.)

On August 20, 2009, Allscripts removed this case to federal court. (R. 1.) The assigned district judge dismissed the complaint without prejudice to the filing of an amended federal complaint, which Geismann filed in October 2009. (R. 13-14.) Shortly thereafter, in November 2009, the parties consented to the jurisdiction of Magistrate Judge Schenkier. *See* 28 U.S.C. § 636(c). After the parties began limited discovery on the numerosity question with an eye toward settlement, on May 7, 2010, the case was transferred to this court. (R. 56.) The parties were ordered to exchange settlement offers and to report on "whether they need additional time to negotiate a settlement or whether they need to proceed with class certification." (R. 64.) After the parties reported that their settlement discussions had been unsuccessful, on July 26, 2010, the court ordered the parties to move forward with discovery beyond the issue of numerosity. (R. 66.)

On September 15, 2010, counsel for Allscripts sent counsel for Geismann an offer of judgment pursuant to Rule 68. The offer included an agreement to the entry of judgment in the amount of $1,500 for each unsolicited fax advertisement Allscripts sent Geismann, reasonable attorneys' fees and costs, and an agreement to the entry of the injunction

requested in the amended class action complaint. (R. 78-1, Ex. A.) On September 28, 2010, the day before Allscripts's offer was set to expire under Rule 68, Geismann filed a "Motion to Strike Defendants' Offer of Judgment or, in the Alternative, Amended Motion for Class Certification." (R. 72.) At a hearing on the motion, counsel for Allscripts asked for time to consider filing a motion to dismiss on mootness grounds. (R. 79-1, Ex. A at 9-10.) The court denied Geismann's motion to strike—no Rule 68 Offer had been filed with the court so there was nothing for the court to strike—but stated that the motion for class certification would remain pending until the anticipated motion to dismiss was resolved. (Id. Ex. A at 3, 10-11.) On October 29, 2010, Allscripts filed the current motion to dismiss pursuant to Rule 12(b)(1).

**Analysis**

In analyzing a motion to dismiss under Rule 12(b)(1), this court accepts that the allegations in the amended complaint are true, but may weigh evidence submitted by the parties to determine whether jurisdiction exists. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). In the current motion, Allscripts argues that this lawsuit is moot because it offered Geismann everything it seeks to gain in this lawsuit, and Geismann refused. Under Article III of the United States Constitution, federal courts only have subject-matter jurisdiction over actual cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A federal court loses jurisdiction when the controversy becomes moot, which occurs "when the dispute between the parties no longer rages, or when one of the parties loses his personal stake in the outcome of the suit."

3

*Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). In support of its motion to dismiss, Allscripts invokes the rule that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (internal citation omitted). But as both parties acknowledge, in the class action context the impact of the offer turns on its timing. *See White v. Humana Health Plan, Inc.*, No. 06 CV 5546, 2007 WL 1297130, at *6 (N.D. Ill. May 2, 2007). Typically, if the full-relief offer comes before the plaintiff moves for class certification, the offer eliminates the controversy, and the suit becomes moot. *See Holstein*, 29 F.3d at 1147. If, on the other hand, the plaintiff moves for class certification before the offer is extended, the offer does not moot the action, even if the court has not yet ruled on the motion. *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003). That is because during the pendency of a class-certification motion, more than the named plaintiff's interests are at stake—"at least in a limited sense, the interests of the unnamed class members are before the court." *Susman v. Lincoln American Corp.*, 587 F.2d 866, 869 (7th Cir. 1978). In other words, after the named plaintiff seeks class certification, "an offer to one is not an offer of the *entire* relief sought by the suit." *Griesz v. Household Bank (Illinois)*, 176 F.3d 1012, 1015 (7th Cir. 1999) (emphasis in original).

Recognizing that the mootness question presented here turns on the timing of the class-certification motions, the parties take widely divergent views of the impact of the class-

certification motion Geismann filed in state court and the "Amended Motion for Class Certification" it filed in this court.[1] Allscripts points to what it characterizes as procedural and substantive defects in the state-court motion and concludes that those defects render it a "legal nullity." It also argues that the "Amended Motion"—which Geismann filed after the Rule 68 offer was extended but before it expired—was filed too late to prevent mootness. Geismann, on the other hand, argues that the motion for class certification filed in state court has been pending throughout this litigation, and that accordingly, the Rule 68 offer does not cover all of the relief sought in this lawsuit. Geismann further argues that even if the state-court motion is insufficient, the "Amended Motion" preserves his claim because it was filed before Allscripts's Rule 68 offer expired.

## I. Geismann's State-Court Motion for Class Certification

Because a complete offer of judgment moots a class action only before the filing of a motion for class certification, *see Griesz*, 176 F.3d at 1015, Allscripts's mootness argument hinges on its assertion that the class-certification motion Geismann filed on July 17, 2009, in the Circuit Court of Cook County is a "legal nullity."[2] In support of this argument, Allscripts points to what it characterizes as the state-court motion's substantive and

---

[1] Geismann does not dispute that Allscripts's offer covered all of the relief it seeks as an individual entity.

[2] Allscripts concedes that any motion pending in the state court is not waived simply because it was not attached to the pleadings when the case was removed to federal court. (R. 80 at 6.) *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985).

5

procedural defects to argue that the motion was void from the day Geismann submitted it to the court. Specifically, it argues that Geismann failed to give notice of or properly serve the motion, failed to develop a substantive argument in the motion, and abandoned the motion by not submitting a promised memorandum in support.

Allscripts has not shown that the cited procedural defects–failure to notice or properly serve the motion—deprive the state-court motion of legal effect. In response to Allscripts's assertion that the motion was not properly served, Geismann submitted uncontradicted evidence that the Cook County Sheriff's Department properly served the motion and filed proof of service in the Circuit Court, as required by Illinois Supreme Court Rule 12. Although Geismann does not dispute that it overlooked filing a notice of the motion as required by Illinois Circuit Court of Cook County Rule 2.1(b), Allscripts has not shown that this violation means that the motion was void *ab initio*.[3] On the contrary, Illinois courts view the failure to notice a motion as a "purely technical" mistake that does not waive the issues presented therein where the lack of notice does not prejudice the nonmoving party. *See Stewart v. Jones*, 318 Ill. App. 3d 552, 564 (2d Dist. 2001). Even where the Circuit Court issues an order on a motion that is not properly noticed, the order is not void, but merely voidable if it resulted in prejudice to the non-movant. *See Savage v. Mui Pho*, 312 Ill. App.

---

[3] Although federal procedural law applies after a case is removed to federal court, *see* Fed. R. Civ. P. 81(c), Allscripts argues that Geismann's original class-certification motion was void from the day it was filed in state court. That argument requires an analysis of whether the motion complied with the circuit court's local rules and state law. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001).

6

3d 553, 557 (5th Dist. 2000). Given that an order based on a motion that is not properly noticed has legal effect, it is difficult to see how the underlying motion could be considered a "legal nullity" based on Geismann's failure to notice it properly absent any argument from Allscripts that it was prejudiced by the lack of notice.

Similarly unconvincing is Allscripts's argument that the motion's substantive deficiencies render it void. Allscripts argues that because the motion does not present a developed argument for class certification and because Geismann never filed a memorandum in support of the motion, the motion should be deemed abandoned. Although it is true that an undeveloped argument can be considered waived, see *Trentadue v. Redmon*, 619 F.3d 648, 654 (7th Cir. 2010), Allscripts never argued waiver or raised the defects it now cites until the motion became an obstacle to its Rule 68 strategy. Allscripts has not cited any case suggesting that the substantive quality of a motion for class certification, rather than its timing, has an impact on the mootness analysis. Moreover, the fact that Geismann did not file a memorandum in support of the motion after the case was removed to federal court is attributable to the way this litigation has unfolded. Shortly after the parties consented to the jurisdiction of the magistrate judge, on December 1, 2009, Judge Schenkier scheduled the close of discovery with respect to numerosity of the class for February 2, 2010. (R. 27.) After Geismann served Allscripts with discovery requests on issues beyond numerosity, at Allscripts's request Judge Schenkier entered a protective order stating that discovery would be limited to numerosity until the parties had a chance to discuss settlement. (R. 35.) His

7

order states that "[a]ny dates for other discovery on Rule 23 issues or the merits will take place on a schedule to be set at a later time." (Id.) Litigating class actions is expensive, and these orders reveal the parties' intention to conserve costs by trying to reach a settlement before briefing the class-certification issue. This court does not view Geismann's compliance with the discovery schedule as evidence that it abandoned its motion.

Finally, Allscripts argues that this court already rejected the notion that the state court motion is pending. In support, Allscripts attributes great weight to this court's statement in a minute order, entered after the hearing on Geismann's motion to strike, that the alternative class-certification portion of that motion "will remain pending as a motion for class certification, filed on September 28, 2010." (R. 74.) That entry simply clarifies that while the motion to strike had been denied in open court, the request for class certification remains pending. During the hearing this court noted that the state-court motion had not been transferred to this court's docket when the case was removed, and thus noted the confusion raised by Geismann's labeling of the second motion as an "amended motion." (R. 79-1, Ex. A at 6.) But the status of the state-court motion was still very much up in the air at that point, as revealed by counsel's request during the hearing for time to research and brief the issue of what impact the state-court motion has and whether it remains pending in this court. (Id. Ex. A at 4-5, 9-10.) This court granted the defendants time to research those questions, emphasizing that the status of the state-court motion was a live issue. (Id. Ex. A at 10.)

8

Because Geismann filed its original motion for class certification long before Allscripts tendered its Rule 68 offer, and because Allscripts has not shown that the original motion has been abandoned or is otherwise a "legal nullity," its offer was "not an offer of the *entire* relief sought by the suit." *Griesz*, 176 F.3d at 1015 (emphasis in original). Accordingly, there remains a live controversy between the parties, and Allscripts's motion to dismiss under Rule 12(b)(1) must be denied.

II. **Class-Certification Motion Filed During Pendency of Rule 68 Offer of Judgment**

In the interest of completeness, assuming *arguendo* that the motion filed in state court has no legal effect, this court will address the parties' dispute regarding whether the motion for class certification Geismann filed during the pendency of Allscripts's Rule 68 offer prevents the controversy at stake here from evaporating. Both parties acknowledge that there is uncertainty surrounding whether a class action survives where a motion for class certification is filed after a Rule 68 offer of judgment is extended, but before the 14-day period for acceptance expires. Although the Seventh Circuit recently noted that "it has been questioned whether Rule 68 offers should be permitted in class action cases," *Wrightsell v. Cook County, Ill.*, 599 F.3d 781, 783 (7th Cir. 2010), it has not expressly adopted that view nor squarely addressed the issue presented here. Nor have the cases in this district followed a consistent course. Although the bulk of the cases to address the issue have held that a class action is not moot as long as the plaintiff moves for class certification before the Rule 68 offer expires, *see Giblin v. Revenue Prod. Mgmt., Inc.*, No. 07 CV 3432, 2008 WL 780627,

at *4 (N.D. Ill. Mar. 24, 2008); *Western Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, No. 06 CV 0052, 2006 WL 1697119, at *2 (N.D. Ill. June 13, 2006); *Wilson v. Collecto, Inc.*, No. 03 CV 4673, 2003 WL 22299022, at *2 (N.D. Ill. Oct. 6, 2003); *Parker v. Risk Mgmt. Alternatives, Inc.*, 204 F.R.D. 113, 114-15 (N.D. Ill. 2001); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 243-44 (N.D. Ill. 2001); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400-01 (N.D. Ill. 2000); *Janikowski v. Lynch Ford, Inc.*, No. 98 CV 8111, 1999 WL 608714, at *2 (N.D. Ill. Aug. 5, 1999), a few cases have held that a purported class action is moot any time an offer precedes the certification motion, *see Damasco v. Clearwire Corp.*, No. 10 CV 3063, 2010 WL 3522950, at *9 (N.D. Ill. Sept. 2, 2010); *White*, 2007 WL 1297130, at *6-*7; *Martin v. PPP, Inc.*, __ F.Supp.2d __, No. 10 CV 140, 2010 WL 2572524, at *4-*5 (N.D. Ill. June 25, 2010).

Allscripts urges this court to adopt the latter position, arguing that the Seventh Circuit's decisions in *Griesz* and *Holstein* best support a rule that an offer of judgment moots a putative class action as long as it is extended before a class-certification motion is filed, regardless of whether the motion is filed during the offer's pendency. The plaintiff in *Holstein* moved for class certification after the defendant offered to satisfy his claim. 29 F.3d at 1147. The Seventh Circuit noted that mootness is avoided if the district court certifies a class prior to the defendant's offer. *Id.* But the court held that the plaintiff could "not avail himself of the class action exception to the mootness doctrine" because the district court had not yet certified the class. Without explaining whether it made a difference, the

10

court noted that the plaintiff "did not even move for class certification prior to the evaporation of his personal stake." *Id.* Five years later, in *Griesz*, the Seventh Circuit clarified (in dicta) that once a class-certification motion is filed, an offer for complete relief cannot moot a case even if it arrives before the district court has a chance to rule on certification. 176 F.3d at 1015. The court emphasized that defendants should not be able to use the mootness rule as a tactic to "hamstring the suit." *Id.* It noted that "before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit." *Id.* (emphasis in original).

Neither case provides a clear answer to the question presented here. The plaintiff in *Griesz* rejected an offer that was extended after class certification had been denied, and therefore the putative class members' stakes had been removed from the table. And as subsequent cases have explained, the plaintiff in *Holstein* sought class certification nearly 30 days after the offer was extended, well outside the Rule 68 period at issue here. *See Damasco*, 2010 WL 3522950, at *4 n.6. Allscripts relies heavily on this court's statement in *Damasco* that after *Holstein*, "[t]he rule in the Seventh Circuit is clear—a complete offer of settlement made prior to filing for class certification moots the plaintiff's claim." *Id.* at *4. But the *Damasco* court also recognized a "lack of certainty" surrounding the rule when the class-certification motion is extended during the 14-day window of a Rule 68 offer. *Id.* at *6. It noted that there are "persuasive" reasons to hold that a motion filed during a Rule

11

68 offer's pendency avoids mootness. *Id.* It further recognized that in *Wrightsell*, the Seventh Circuit may have indicated "an evolution" of the court's view on mootness because it "seems to suggest that involuntary settlement . . . does not necessarily bar the named plaintiff with no personal stake in the outcome to continue to litigate the class action." *Id.* at *9. The *Damasco* court expressly recognized that the distinction between a settlement offer subject to negotiation and a Rule 68 offer of judgment "may be one reason why" some cases in this district—including those relied on by Allscripts— "declined to deviate from *Holstein*" where a class-certification motion is filed just days after an offer is extended. *Id.* Because the offer in *Damasco* was not made pursuant to Rule 68, the court found that applying the 14-day window applicable to Rule 68 offers would be "arbitrary." *Id.*

This court agrees with the *Damasco* case's assessment that persuasive reasoning supports the cases that have held that a class-certification motion filed during the pendency of a Rule 68 offer avoids mootness. An offer extended under Rule 68 is a game-changer in any lawsuit because the offeree "must pay the costs incurred after the offer was made" if the offeree rejects the offer but then obtains a judgment that is less favorable than the offer he rejected. Fed. R. Civ. P. 68(d). The rule thus mandates a fourteen-day period for the offeree to consider the offer and decide whether to accept or reject it. The cases from this district holding that a class-certification motion filed during that fourteen-day period avoids mootness are consistent with the idea that once the motion is filed, "at least in a limited sense, the interests of the unnamed class members are before the court." *See Susman*, 587

F.2d at 869. They hold that a class-certification motion filed within the 14-day acceptance period "suspends the Rule 68 offer of judgment . . . due to the possibility that the 'adverse party' would change materially upon certification." *Kremnitzer*, 202 F.R.D. at 244. In other words, as long as a motion to certify puts the interests of the unnamed plaintiffs at play before the Rule 68 offer expires, the controversy persists. *See Parker*, 204 F.R.D. at 115.

A rule that a motion to certify filed during the pendency of a Rule 68 offer avoids mootness makes sense for several reasons. As this court has recognized, the application of Rule 68 in the class-action context is problematic, because "an offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability for costs and expenses that could not be recouped from unnamed class members." *Giblin*, 2008 WL 780627, at *2 (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (Brennan, J., dissenting)). Allowing the named plaintiff to avoid that burden by moving for class certification during the 14-day period "adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68." *Asch*, 200 F.R.D. at 401. What's more, it takes "away the incentive for a defendant to make a Rule 68 offer before either party has had a reasonable opportunity to evaluate the case." *Id.* It also avoids the concern repeatedly highlighted by the Seventh Circuit that allowing a defendant to pick off named plaintiffs before a ruling on class certification can be obtained frustrates the purpose of class actions—the aggregation of small claims in a single action—and invites the waste of judicial resources. *See Wrightsell*, 599 F.3d at 783; *Primax*, 324 F.3d at 547; *Susman*, 587 F.2d at 870. As the Third Circuit has

recognized, allowing a named plaintiff to avoid mootness by filing a class-certification motion before a Rule 68 offer expires allows "the class action process . . . to 'play out' according to the directives of Rule 23 and . . . permit[s] due deliberation by the parties and the court on the class certification issues." *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004).

Allscripts argues that this particular case does not warrant an exception to the general rule that an offer extended before the filing of a class-certification motion moots a lawsuit. It points out that *Weiss*, *Asch*, and several other cases to have applied the exception arose in the context of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). This is significant, says Allscripts, because unlike the TCPA, the FDCPA includes a statutory provision for class damages. As the *Weiss* court noted, allowing defendants to pick off putative class representatives in the FDCPA context would thwart Congress's intent that the FDCPA will be enforced by "private attorney generals" pursuing class actions. 385 F.3d at 345. Allscripts argues that there is no "unassailable right" to bring class actions under the TCPA, and therefore, the rationale supporting the mootness exception does not apply in this context. But even though the TCPA does not expressly provide for class damages, this court has allowed plaintiffs to pursue junk-fax claims on a class-wide basis. *See, e.g.*, *G.M. Sign, Inc. v. Group C. Commc'ns, Inc.*, No. 08 CV 4524, 2011 WL 98825, at *1 (Jan. 10, 2011); *CE Design, Ltd. v. King Architectural Metals, Inc.*, __ F.R.D.__, 09 CV 2057, 2010 WL 5146641, at *1 (N.D. Ill. Dec. 13, 2010); *Garrett v. Ragle Dental Lab., Inc.*, No. 10 CV

14

1315, 2010 WL 4074379, at *1 (N.D. Ill. Oct. 12, 2010); *Holtzman v. Turza*, No. 08 CV 2014, 2009 WL 3334909, at *7 (N.D. Ill. Oct. 4, 2009). And two years after the *Weiss* decision issued, this court applied the Rule 68 exception to mootness in a case brought under the TCPA. *See Western Ry.*, 2006 WL 1697114, at **1-2. Allscripts will have its chance to argue that the TCPA is not amenable to class treatment in briefing the pending class-certification motion, but it has not persuaded this court that the absence of a statutory provision for class damages in the TCPA prevents an exception to mootness from applying here.

Allscripts also argues that Geismann cannot avoid mootness because it has been dilatory in pursuing class certification and because, according to it, Geismann rejected the offer as an attempt to drive up attorneys' fees. But again, even if the class-certification motion filed in state court is ignored, Geismann has prosecuted this case according to the discovery orders issued by this court. When Geismann attempted to obtain discovery regarding class-certification issues beyond numerosity, Allscripts successfully sought a protective order to block that discovery. Without broad class discovery, Geismann's only option would have been to file the kind of boiler plate class-action motion that Allscripts here characterizes as legally insufficient. Allscripts does not assert that it was in the dark about Geismann's intention to proceed as a class action. Indeed, the settlement discussions that preceded Allscripts's Rule 68 offer focused on options for class-wide relief. Allscripts has not cited any evidence that Geismann rejected the offer in an attempt to run up attorneys' fees

15

rather than to preserve the claims of the potential class members. For all of these reasons, assuming *arguendo* that the state-court motion alone does not preserve the controversy between the parties, this court agrees with the majority of the cases from this district holding that a motion for class certification filed during the pendency of a Rule 68 offer of judgment avoids mootness.

**Conclusion**

For the foregoing reasons, Allscripts's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**